**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4243

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OSCAR HERNANDEZ MALDONADO,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:19-cr-00368-MOC-DSC-1)

Submitted:  January 30, 2023                          Decided:  June 27, 2023

Before GREGORY, Chief Judge, and KING and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Charles Robinson Brewer, Asheville, North Carolina, for Appellant.  Dena Janae King, United States Attorney, Anthony Joseph Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oscar Hernandez Maldonado pleaded guilty, pursuant to a written plea agreement, to employing, using, persuading, inducing, enticing, and coercing any minor to engage in sexually explicit conduct for the purpose of producing child pornography, in violation of 18 U.S.C. § 2251(a), (e).  The district court sentenced Maldonado to 360 months' imprisonment.  Maldonado's sole argument on appeal is that he received constitutionally ineffective assistance of counsel at sentencing.  The Government has moved to dismiss the appeal on the ground that the record does not conclusively establish that counsel was ineffective and therefore Maldonado's claims are not cognizable on direct appeal. Maldonado opposes the Government's motion.  For the following reasons, we deny the Government's motion but affirm the criminal judgment.

To demonstrate constitutionally ineffective assistance of counsel, a defendant must establish both deficient performance and prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687-88, 692 (1984).  An attorney's performance is deficient if "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.* at 687.  We "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Id.* at 689 (internal quotation marks omitted).  To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine

2

confidence in the outcome." *Id.* at 694.  To show prejudice in the guilty plea context, a defendant claiming ineffective assistance "must demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Christian v. Ballard*, 792 F.3d 427, 443-44 (4th Cir. 2015) (internal quotation marks omitted).

Claims of ineffective assistance of counsel are cognizable on direct appeal "only where the record conclusively establishes ineffective assistance." *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).  Generally, a defendant should instead raise ineffectiveness claims in a 28 U.S.C. § 2255 motion, to permit sufficient development of the record. *Id.*; *see Massaro v. United States*, 538 U.S. 500, 504-06 (2003).

Maldonado argues that his counsel's performance was deficient in two respects. First, Maldonado contends that counsel rendered ineffective assistance in waiving objections to the presentence report, without Maldonado's consent, at the sentencing hearing.  Next, he asserts counsel was ineffective for failing to hire an expert to testify regarding cultural assimilation to support the motion for a downward departure or variance. We have reviewed the record and conclude that it does not conclusively establish Maldonado's claims that he received ineffective assistance of counsel. *See Baptiste*, 596 F.3d at 216 n.1.  Therefore, these claims are not cognizable on direct appeal.

3

Accordingly, we deny the Government's motion to dismiss but affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*